**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| PRESTON BLANTON, | ) | |
| ID #42100-177, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:13-CV-774-L-BH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

<u>**FINDINGS, CONCLUSIONS AND RECOMMENDATION**</u>

Pursuant to Special Order 3-251, this case has been automatically referred for pretrial management. Before the Court is Defendant's *Amended Response to Plaintiff's Motion for Return of Property and Government's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, with Brief in Support*, filed August 29, 2013 (doc. 24).[1] Based on the relevant filings and applicable law, the motion for summary judgment should be **GRANTED**.

## I.  BACKGROUND

Preston Blanton (Plaintiff) was arrested pursuant to a criminal complaint dated July 29, 2010, charging him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (*See* 3:10-CR-237-L, doc. 1.)  On August 17, 2010, he was charged by indictment with two counts of receipt of child pornography and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  (*See id.*, doc. 14.)  He entered a plea of guilty to the indictment and ultimately received a sentence of 235 months of imprisonment, to be followed by a life term of supervised release, on April 5, 2011.  (*Id.,* docs. 24, 48.)  The Fifth Circuit affirmed the judgment on May 9, 2012.  (*Id.,* doc. 67.)

---

[1]  Based on the amended filing, Defendant's *Response to Plaintiff's Motion for Return of Property and Government's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, with Brief in Support*, filed August 28, 2013 (doc. 23), is **DEEMED MOOT**.

On December 11, 2012, Plaintiff filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (*See* No. 3:12-CV-5077-L, doc. 2.) In that habeas case, he filed a motion under Fed. R. Crim. P. 41(g) seeking the return of certain property seized in connection with his arrest. (*Id.,* doc.8.) Because his motion sought relief that was inappropriate for inclusion in a federal habeas case, and his criminal case had concluded, Plaintiff's motion was liberally construed and opened as a new civil case. (*Id.,* docs. 9, 13; *see also* No. 3:13-CV-774-L, docs. 3, 4.)

On August 28, 2013, the United States of America (Defendant) filed its response to the motion for return of property as well as a motion to dismiss, or in the alternative, for summary judgment in this new civil case. (*See* No. 3:13-CV-774-L, doc. 23.) It asserts that the items seized from Plaintiff have either been returned to his mother or destroyed as child pornography contraband. (*Id.* at 4.) It also submitted a sworn affidavit from the case agent who investigated Plaintiff, averring that she released several items to Plaintiff's mother on June 7, 2011. The case agent concluded that the remaining seized items either contained or constituted child pornography, or they were used to commit the offense, and were therefore destroyed as contraband. She verified again in June and August of 2013 that the items that were not previously returned to Plaintiff's mother, and which he now seeks, were destroyed. (*See* doc. 23-1 at 3-4.)

Plaintiff responded on October 21, 2013, asserting that: 1) there is a fact issue as to whether the items were destroyed; 2) if the items were destroyed, he should be permitted to amend his complaint to include a claim for damages for destroyed items that were not contraband; and 3) he is entitled to costs because Defendant's motion is frivolous. (doc. 32 at 3-5.)

Defendant filed a reply brief on November 4, 2013, asserting again that all items had been destroyed, and that there is no fact issue on that point. (doc. 36.)

## II.  MOTION TO DISMISS

Defendant first moves to dismiss Plaintiff's motion under Rule 12(b)(6), and it attaches evidence in support.

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the pleadings.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Documents "attache[d] to a motion to dismiss are [also] considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]."  *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).  Lastly, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Here, Defendant submits the case agent's affidavit regarding the disposition of the property as well as other documents in support of its Rule 12(b)(6) motion.  Because the documents are neither attached or referred to in Plaintiff's complaint, and they are not matters of public record, the documents are matters outside of the pleadings.  When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion.  *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v.*

3

*Wireless Toyz  Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  Because consideration of the documents will facilitate a determination of the issue, the Court exercises its discretion to accept them.

Where "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56", and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Rule 12(d) requires only that the non-movant be given notice that "the district court *could* treat the motion as one for summary judgment, not [whether] the court *would* in fact do so." *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1284 (5th Cir. 1990) (citing *Isquith,* 847 F.2d at 193). "A non-moving party receives adequate notice when it is aware that the movant has placed matters outside the pleadings before the district court for its review."  *Guiles v. Tarrant County Bail Bond Bd.*, 456 Fed. App'x 485, 487 (5th Cir. Jan. 5, 2012).  Courts have also found that the framing of a motion to dismiss in the alternative as one for summary judgment provides adequate notice for purposes of Rule 12(d).  *See Tremont LLC v. Halliburton Energy Services, Inc.*, 696 F.Supp.2d 741, 853 (S.D. Tex. 2010) (citations omitted); *Al-Juburi v. Chertoff*, 3:06-CV-1270-D, 2007 WL 2285964, *4 (N.D. Tex. Aug. 9, 2007).

Here, Defendant placed matters outside of the pleadings before the Court for its review by attaching evidence to its motion, and it framed its motion in the alternative as one for summary judgment.  Plaintiff had an opportunity to respond to the motion and submitted his own evidence in response, so he is not prejudiced by conversion of the motion into one for summary judgment.  *See Williams v. Potter*, 3:07-CV-1255-L, 2008 WL 1848458, *5 n. 1 (N.D. Tex. Apr. 23, 2008) (finding no prejudice where the non-movant had an opportunity to respond and also filed documents with her

response to the motion to dismiss).  Accordingly, the Court finds that Plaintiff has received the required notice under Rule 12(d),[2] and Defendant's motion is therefore converted to a motion for summary judgment under Rule 56.

### III.  MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Id.*  Typically, a movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  FED. R. CIV. P. 56(C).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S. at 249.

---

[2]  The fourteen-day period for objection to this recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b) also provides the requisite notice that the Court has accepted matters outside the pleadings for consideration and that the motion to dismiss is being considered as a motion for summary judgment.  *See Goss v. American Elec. Power*, No. 07-CV-2070, 2008 WL 2051761, at *2 (W.D. La. Apr. 15, 2008)

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id.* at 255, neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff.  *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).  However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment."  *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).  Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

Here, Defendant moves for summary judgment on grounds that there is no genuine issue of fact as to Plaintiff's return of property claim because the property has been either returned or destroyed.  It has submitted a sworn affidavit from the case agent stating that the items that Plaintiff seeks that were not personally returned to his mother were destroyed as contraband.  (doc. 23-1 at 3-4).  After Plaintiff filed his motion, the case agent looked through her agency's office and contacted evidence technicians to determine whether the agency still had any of Plaintiff's property, but her "inquiry was met with negative results".  By providing evidence that the property that

6

Plaintiff seeks to have returned has been either returned or destroyed, Defendant has met its summary judgment burden.

The burden now shifts to Plaintiff to identify evidence in the record raising a genuine issue of material fact that the property still exists. He responds with an affidavit stating that he had a telephone conversation with an Assistant United States Attorney (the AUSA) in which she stated that she and the case agent were "going through" the property and needed additional time. (*See* doc. 33.) Plaintiff argues that this is evidence that the property was still in existence and speculates that his property was either destroyed after this telephone conversation, or that the case agent is lying in her affidavit about the existence of the property. He also attaches Defendant's motion for extension of time to his affidavit as evidence. It simply asks for additional time to determine the proper response to Plaintiff's motion, however; it makes no reference to the existence of the evidence. The motion does reference a conversation with Plaintiff in an attempt to evaluate or narrow the issues or reach an early resolution. Nothing in the motion is inconsistent with the statements in the case agent's affidavit about her efforts to verify whether her agency still had any of Plaintiff's property.

Plaintiff's speculation that his property has not been destroyed based on the AUSA's statements about why she needed more time is not the type of probative evidence necessary to defeat a motion for summary judgment. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). A dispute as to a material fact is only "genuine" if the evidence before the Court is such that a reasonable jury could return a verdict for the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005), *citing Anderson*, 477 U.S. at 251-52. The AUSA's statements about why she needed more time would not support the return of a verdict for Plaintiff

on this issue by a reasonable jury. Plaintiff has therefore has failed to meet his summary judgment burden to identify a genuine issue of material fact concerning whether the items he seeks to have returned have either already been returned or have been destroyed.

Defendant cannot be compelled to return property it does not possess. *Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007); *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998). Because Plaintiff failed to identify a genuine issue of material fact concerning Defendant's possession of the property he seeks to have returned, Defendant's motion for summary judgment should be granted, and his motion for return of property should be denied. *See Jaramillo-Gonzalez v. United States*, 397 Fed. App'x 978, 981 (5th Cir. Oct. 20, 2010) (affirming grant of summary judgment where the plaintiff sought return of property that had been destroyed)*; Bailey*, 508 F.3d at 740 (stating that a motion for return of property should be denied if the district court found that the government no longer possesses the property); *Pena*, 157 F.3d at 987 (finding that Rule 41 motion for return of property that had been destroyed was properly denied).

## IV. LEAVE TO AMEND

In his response to Defendant' motion, Plaintiff also asks to amend his complaint to include damages for the property that was destroyed.

Local Rule 15.1(a) of the Local Civil Rules for the Northern District of Texas provides that when a party files a motion for leave to file an amended pleading, the party must attach a copy of the proposed amended pleading to the motion as an exhibit. The party must also submit a separate original of the amended pleading. Compliance with the rules of procedure is required of all parties, whether or not they are represented by counsel, and leave to amend may be denied for non-compliance. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005) (accepting

recommendation).   Therefore, to the extent that Plaintiff's response to Defendant's motion seeks

leave to amend, the motion does not comply with this local rule and is subject to denial on that basis.

The Fifth Circuit has held that where a plaintiff seeks the return of property that has been

destroyed, he may then seek monetary damages for the destroyed property pursuant to *Bivens v. Six*

*Unknown Named Agents*, 403 U.S. 388 (1971), which provides for an action for monetary damages

against a federal official or officials for the alleged violation of a person's constitutional rights.   *See*

*Jaramillo-Gonzalez*, 397 Fed. App'x at 981.   Where a plaintiff does not initially state a claim for

monetary damages, he should be given an opportunity to amend his complaint to add a *Bivens* claim.

*Id*.; *see also Pena*, 157 F.3d at 987 (plaintiff should be given an opportunity to amend to add a

*Bivens* claim because he was not on notice of this potential claim until the government confirmed

that the items sought had been destroyed).   Although Defendant is correct that sovereign immunity

bars monetary relief sought from the federal government, it does not bar such relief from individual

federal actors pursuant to *Bivens*.   *See Bailey*, 508 F.3d at 740.   Accordingly, Plaintiff should be

given an opportunity to file an amended complaint asserting a claim for monetary damages pursuant

to *Bivens*.

## V.  CONCLUSION

Defendant's summary judgment motion should be **GRANTED**, and Plaintiff's motion for

return of property should be denied.   Plaintiff should be given the opportunity to file an amended

complaint asserting a claim for monetary damages pursuant to *Bivens* no later than thirty days after

the date of this recommendation, or some other deadline set by the Court.

9

**SO RECOMMENDED** on this 3rd day of February, 2014.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE