IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PRESTON BLANTON,       ) | |
|     ID #42100-177,       ) | |
|         Plaintiff,       ) | |
| vs.       ) | No. 3:13-CV-774-L-BH |
|       ) | |
| UNITED STATES OF AMERICA,       ) | |
|         Defendant.       ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Before the Court is the plaintiff's amended *Civil Rights Complaint Pursuant to 28 U.S.C. § 1331 and Bivens*, received February 27, 2014 (doc. 52). Based on the relevant filings and applicable law, all claims against the United States and the Federal Bureau of Investigation (FBI) should be dismissed, and the claims against Special Agent Debra Michaels should proceed.

**I. BACKGROUND**

Preston Blanton (Plaintiff) was arrested pursuant to a criminal complaint dated July 29, 2010, charging him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (*See* 3:10-CR-237-L, doc. 1.) On August 17, 2010, he was charged by indictment with two counts of receipt of child pornography and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (*See id.*, doc. 14.) He entered a plea of guilty to the indictment and ultimately received a sentence of 235 months of imprisonment, to be followed by a life term of supervised release, on April 5, 2011. (*Id.,* docs. 24, 48.) The Fifth Circuit affirmed the judgment on May 9, 2012. (*Id.,* doc. 67.)

On December 11, 2012, Plaintiff filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (*See* No. 3:12-CV-5077-L, doc. 2.) In that habeas case, he filed a motion

under Fed. R. Crim. P. 41(g) seeking the return of certain property seized in connection with his arrest. (*Id.,* doc.8.) Because his motion sought relief that was inappropriate for inclusion in a federal habeas case, and his criminal case had concluded, Plaintiff's motion was liberally construed and opened as a new civil case. (*Id.,* docs. 9, 13; *see also* No. 3:13-CV-774-L, docs. 3, 4.)

The United States of America filed a response to the motion for return of property as well as a motion to dismiss, or in the alternative, for summary judgment in this new civil case. (*See* No. 3:13-CV-774-L, doc. 23.) Because the property Plaintiff sought had either been returned to him or destroyed, the motion for summary judgment was granted. (*Id.*, docs. 48, 49.) Plaintiff was then permitted to file an amended complaint asserting a claim for damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* In his amended complaint, Plaintiff brings claims under *Bivens*, naming the United States, the FBI, and Special Agent Debra Michaels (Michaels) as defendants. He seeks monetary damages for the property that has been destroyed, which he claims included family videos. (Amend. Compl. at 1-2).

## II. PRELIMINARY SCREENING

Plaintiff is a federal inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

2

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III. *BIVENS*

Plaintiff sues the defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for destroying property seized from him at the time of his arrest.

In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *Bivens* is "the counterpart to 42 U.S.C. § 1983," and it extends the protections afforded under § 1983 to parties injured by federal actors. *Chapman v. United States*, No. 4:06-CV-0426-Y, 2006 WL 3831227, at *1 n.8 (N.D. Tex. Dec. 27, 2006); *see also Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) (per curiam). Unless the defendants have deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, however, a plaintiff has no viable claim under *Bivens*. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (recognizing that "[a] *Bivens* action is analogous to an action under § 1983— the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials").

**A.     United States and FBI**

Plaintiff asserts a *Bivens* action against the United States and the FBI. However, *Bivens* only provides a remedy for victims of constitutional violations by government officers in their individual

3

capacities. It does not provide for a cause of action against the United States. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Nor may a *Bivens* action be brought against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995). This is because the purpose of a *Bivens* action is to deter a federal officer from violating a person's constitutional rights. *Meyer*, 510 U.S. at 485; *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Because a *Bivens* action cannot be brought against the United States or a federal agency, Plaintiff has not alleged any viable *Bivens* claim against the United States or the FBI, and those claims should be dismissed.

**B.     Special Agent Debra Michaels**

Plaintiff alleges that Michaels inappropriately destroyed his property that was neither subject to forfeiture not enumerated in the indictment against him. (Amend. Compl. at 2).

The Fifth Circuit has held that where a plaintiff seeks the return of property that has been destroyed, he may then seek monetary damages for the destroyed property pursuant to *Bivens*, which provides for an action for monetary damages against a federal official or officials for the alleged violation of a person's constitutional rights. *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998); *Jaramillo-Gonzalez v. United States*, 397 Fed. App'x 978, 981 (5th Cir. Oct. 20, 2010). Plaintiff's claim for monetary damages is liberally construed as a claim that Michaels violated his constitutional rights when she destroyed property that was not subject to forfeiture or enumerated in the indictment. As such, this claim survives preliminary screening and should proceed.

## IV.  RECOMMENDATION

All of Plaintiff's claims against the United States and the FBI should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims against Special

Agent Debra Michaels should proceed.

**SIGNED this 7th day of March, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE