**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **PRESTON BLANTON,** § | |
|     **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 3:13-CV-774-L |
| § | |
| **UNITED STATES OF AMERICA,** § | |
| **et al.,** § | |
|     **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management. Before the Court is *Defendant's [sic] Motion to Dismiss or, Alternatively, Motion for Summary Judgment*, filed May 23, 2014 (doc. 65). Based on the relevant filings and applicable law, the motion for summary judgment should be **GRANTED**, and the case should be **DISMISSED with prejudice**.

**I. BACKGROUND**

**A.**     **Factual Background**

After receiving information that Preston Blanton (Plaintiff) had used a computer to view child pornography, federal and state law enforcement officers obtained and executed a warrant on his residence on July 24, 2010. (Doc. 67 at 4.)[1] Federal Bureau of Investigation (FBI) Special Agent Deborah Michaels (Defendant) and another officer conducted a cursory review of an external computer hard drive at the residence and observed the presence of child pornography. (*Id.*) Plaintiff then admitted to Defendant that he hoarded child pornography and could not account for the volume of images and videos that he possessed. (*Id.*) The officers seized computers, hard drives, and other

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page.

digital media from the residence and arrested Plaintiff. (*Id.*)

During an interview at the police station that day, Plaintiff told Defendant that he had downloaded child pornography approximately every other day since 2001, that he could not account for the volume of images and videos he had downloaded because he never deleted what he had downloaded, and that he could not identify which computers or media storage at his residence contained child pornography because of how much he had. (*Id.* at 4-5.) The amount of information seized from Plaintiff's residence exceeded 1.8 terabytes. (*Id.* at 5.)[2] Defendant reviewed a sample of the information and identified more than 3,000 images and 330 videos containing child pornography. (*Id.*) Based on her review of the sample and Plaintiff's statements, including his inability to identify any seized item that did not contain child pornography, she concluded that every computer and digital media item seized from Plaintiff was likely to contain child pornography. (*Id.*)

Plaintiff was charged by federal criminal complaint dated July 29, 2010, with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (*See* 3:10-CR-237-L, doc. 1.) On August 17, 2010, he was indicted for two counts of receipt of child pornography in violation of 18 U.S.C. § 2254A(a)(2)(A) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (*Id.*, doc. 14.) The indictment also included a forfeiture notice under 18 U.S.C. § 2253 for any child pornography or property used or intended to be used to commit the charged offenses, including (but not limited to) a Compaq Presario computer and an external hard drive seized during the search of Plaintiff's residence. (*Id.*) After he pled guilty to the indictment, the Court sentenced Plaintiff to 235 months of imprisonment, to be followed by a life term of supervised

---

[2]The FBI determined that it would required 1,300-1,600 hours to review all of the digital evidence it seized. (*Id.*)

release, on April 5, 2011. (*Id.* at docs. 24, 48.)[3]

In the spring of 2011, Defendant spoke to Plaintiff's mother several times about "non-contraband property" that she wanted to be returned, including "her granddaughter's computer and other property, not specifically identified." (3:13-CV-774-L, doc. 67 at 6.) Defendant reviewed the evidence to determine what could be released to Plaintiff's mother. (*Id.* at 7.) On or around June 7, 2011, Plaintiff's mother went to the FBI's field office to pick up the property that Defendant had determined did not contain contraband. (*Id.*) There, she executed an FBI Form FD-597, "Receipt for Property Returned[,]" for the return of a Dell Tower Computer S/N 0028826874; a black backpack containing a Nikon D-3000 Camera w/ lens/ S/N 3035332 & camera equipment; a red Nikon camera Coolpix; Ghost Surf Pro Uninstaller software; photography books; a pamphlet; and a photo book. (*Id.*) Around that same time, the FBI destroyed the remaining property (except for the Compaq tower computer that was the subject of a pending application for forfeiture), based on its policy of destroying "discs, hard-drives, DVDs, CDs, memory cards, and other items which store and contain child pornography." (*Id.* at 8.) While Defendant ordered the destruction of all contraband items that were not subject to legal forfeiture, she did not specifically order the destruction of any non-contraband items or any of the property that Plaintiff's mother had requested. (*Id.* at 8-9.) She has searched the FBI's Dallas Field Office's evidence records and storage areas, but has been unable to locate any items sought in Plaintiff's motion. (*Id.* at 9.)

At sometime after she retrieved his property, Plaintiff's mother attempted to print out some pictures and realized that the camera memory cards were missing. (Doc. 69 at 7-10.) She tried to contact Defendant regarding the missing memory cards, and Defendant never responded. (*Id.*)

---

[3]The Fifth Circuit affirmed Plaintiff's sentence in an unpublished opinion on April 13, 2012. *United States v. Blanton*, No. 11-10405 (5th Cir. April 13, 2012).

The Court entered a final order of forfeiture for Plaintiff's Compaq personal computer on December 2, 2011. (*See* 3:10-CR-237-L, doc. 61.)

**B.  Procedural History**

On January 29, 2013, Plaintiff filed a motion under Fed. R. Crim. P. 41(g) seeking the return of property seized in connection with his arrest in his pending federal habeas case. (*See* 3:12-CV-5077-L, doc. 8.) Because his motion sought relief that was inappropriate in a federal habeas case, and his criminal case had concluded, Plaintiff's motion was liberally construed and opened as a new civil case. (*Id.,* docs. 9, 13.)

In response to the new civil case, the United States of America moved to dismiss, or in the alternative, for summary judgment. (*See* 3:13-CV-774-L, doc. 23.) On February 21, 2014, the Court granted the motion for summary judgment on grounds that the property Plaintiff sought had either been returned to him or destroyed. (*Id.*, docs. 48, 49.) It also gave Plaintiff an opportunity to file an amended complaint asserting a claim for damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.*) Plaintiff filed an amended complaint under *Bivens* against the United States, the FBI, and Defendant, seeking monetary damages for the property that was destroyed. (*Id.*, doc. 52.)

On March 7, 2014, it was recommended pursuant 28 U.S.C. § 1915A that the *Bivens* claim against the United States and the FBI in the amended complaint be dismissed with prejudice for failure to state a claim. (*Id.*, doc. 54 at 4.) On May 23, 2014, all three defendants moved to dismiss the amended complaint, or in the alternative, for summary judgment. (*Id.*, docs. 65-66.) Subsequently, on June 12, 2014, the Court accepted the recommendation and dismissed the *Bivens* claim against the United States and the FBI with prejudice. (*Id.*, doc. 70.) Plaintiff filed a response

to the motion to dismiss, (*id.*, doc. 69);[4] Defendant filed a reply, (*id.*, doc. 73); and the motion to dismiss the claims against Defendant, or in the alternative for summary judgment is now ripe.

## II. MOTION TO DISMISS[5]

Defendant moves to dismiss Plaintiff's amended complaint under Rule 12(b)(6) and attaches evidence in support. (*See* docs. 66-67.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are [also] considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Lastly, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Here, Defendant submits the case agent's declaration regarding the disposition of the property in support of its Rule 12(b)(6) motion. Because the document is neither attached or

---

[4] Plaintiff also filed three unauthorized supplements to his response and two sur-replies without leave of court. (*See id.*, docs. 71-72, 74-75, 77.) Even if considered, the filings would not change the recommended disposition.

[5] Because the *Bivens* claims against the United States and the FBI have already been dismissed, the motion to dismiss those claims against them pursuant to Rule 12(b)(1) should be denied as **MOOT**.

referred to in Plaintiff's complaint, and it is not matters of public record, the documents are matters outside of the pleadings. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). Because consideration of the documents will facilitate a determination of the issue, the Court exercises its discretion to accept them.

Where "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56", and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Rule 12(d) requires only that the non-movant be given notice that "the district court *could* treat the motion as one for summary judgment, not [whether] the court *would* in fact do so." *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1284 (5th Cir.1990) (citing *Isquith,* 847 F.2d at 193). "A non-moving party receives adequate notice when it is aware that the movant has placed matters outside the pleadings before the district court for its review." *Guiles v. Tarrant County Bail Bond Bd.*, 456 Fed. App'x 485, 487 (5th Cir. Jan. 5, 2012). Courts have also found that the framing of a motion to dismiss in the alternative as one for summary judgment provides adequate notice for purposes of Rule 12(d). *See Tremont LLC v. Halliburton Energy Services, Inc.*, 696 F.Supp.2d 741, 853 (S.D. Tex. 2010) (citations omitted); *Al-Juburi v. Chertoff*, 3:06-CV-1270-D, 2007 WL 2285964, *4 (N.D. Tex. Aug. 9, 2007).

Here, Defendant placed matters outside of the pleadings before the Court for its review by attaching evidence to its motion, and it framed its motion in the alternative as one for summary

judgment. Plaintiff had an opportunity to respond to the motion and submitted his own evidence in response, so he is not prejudiced by conversion of the motion into one for summary judgment. *See Williams v. Potter*, 3:07-CV-1255-L, 2008 WL 1848458, *5 n. 1 (N.D. Tex. Apr. 23, 2008) (finding no prejudice where the non-movant had an opportunity to respond and also filed documents with her response to the motion to dismiss). Accordingly, the Court finds that Plaintiff has received the required notice under Rule 12(d),[6] and Defendant's motion is therefore converted to a motion for summary judgment under Rule 56.

### III. MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment, asserting the defense of qualified immunity to Plaintiff's *Bivens* claim against her. (*See* docs. 66-67.)[7]

In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. 403 U.S. 388 (1971). *Bivens* is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983–the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials") *overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003). Unless the defendant has deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of

---

[6] The fourteen-day period for objection to this recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b) also provides the requisite notice that the Court has accepted matters outside the pleadings for consideration and that the motion to dismiss is being considered as a motion for summary judgment. *See Goss v. American Elec. Power*, No. 07-CV-2070, 2008 WL 2051761, at *2 (W.D. La. Apr. 15, 2008).

[7] Defendant also seeks summary judgment on grounds that Plaintiff fails to state a *Bivens* claim, but even if he has, an adequate post-deprivation remedy is available for a constitutional due process claim. (doc. 66 at 18-30.) Because the qualified immunity defense is dispositive of Plaintiff's claims, it is unnecessary to reach this argument.

the United States, a plaintiff has no viable claim under *Bivens*.

**A.     Qualified Immunity Summary Judgment Standard**

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

Typically, a movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In the context of *Bivens* litigation, however, governmental employees asserting the defense of qualified immunity in a motion for summary judgment need only assert the defense in good faith. *See Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008); *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007). They have no burden to put forth evidence. *Beck v. Tex. State Bd. of Dental Examiners*, 204 F.3d 629, 633-34 (5th Cir. 2000).

The burden then shifts to the non-movant to show that the defense does not apply. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). The non-movant must identify specific evidence in the record and show how it presents a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324; *see also RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). Although courts view the evidence in a light most favorable to the non-movant, *Anderson*, 477 U.S. at 255, "a party cannot defeat

summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence[,]'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

Even though Defendant has no burden to provide evidence, she has submitted a declaration. (*See* doc. 67.) The burden is now on Plaintiff to produce evidence showing that Defendant is not entitled to qualified immunity.

**B.     Qualified Immunity**

Qualified immunity protects government officials performing discretionary functions from suit and liability for civil damages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Because an official is entitled to immunity from suit, not merely from liability, immunity questions should be resolved as early as possible in the litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

In deciding whether a defendant is entitled to qualified immunity, courts conduct a two-prong inquiry. Under the first prong, courts consider whether the facts alleged, taken in the light most favorable to the plaintiff, show a violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). Under the second prong, courts determine whether the violated constitutional right was clearly established within the specific context of the case. *Id.* at 201. "The relevant, dispositive inquiry in determining

whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. It is within the discretion of the court to decide which of the two prongs to address first in light of the circumstances particular to each case. *Pearson*, 129 S. Ct. at 818; *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009). If the court answers both the constitutional violation and clearly established questions in the affirmative, the officer is not entitled to qualified immunity. *Lytle*, 560 F.3d at 410.

Defendant has carried her summary judgment burden by asserting the qualified immunity defense. *See Gates*, 537 F.3d at 419. The burden now shifts to Plaintiff to produce evidence showing that Defendant violated his constitutional rights and that the violation was objectively unreasonable under clearly established law at the time of the violation. *See Zarnow v. City of Wichita Falls*, 500 F.3d 401, 407-08 (5th Cir. 2007).

### 1. *Constitutional Right*

Although Plaintiff's amended complaint does not specifically assert what constitutional rights Defendant allegedly violated, his response to Defendant's motion for summary judgment alleges that Defendant failed to follow proper protocol and intentionally destroyed his property. (*See* doc. 69 at 2-3, 5.) These allegations implicate his due process rights under the Fifth Amendment. *Krug v. U.S.*, No. 1:10cv197, 2010 WL 5285145, at *3 (E.D. Tex. May 20, 2010) ("A claim that an individual has been deprived of property by a person acting under color of law states a claim for a violation of the due process clause of the Fifth Amendment to the United States Constitution."); *see also Hudson v. Palmer*, 468 U.S. 517, 530-31 (1984) (considering the prison officer's intentional destruction of the prisoner's property as a procedural due process claim

pursuant to the Due Process Clause of the Fourteenth Amendment);[8] *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (observing that "[h]istorically, . . . [the due process guarantee] has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property" (emphasis original)).

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . . ." U.S. Const. amend. V. "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981))[9]; *Carey v. Piphus*, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property")).

Here, Defendant points to evidence that she interviewed Plaintiff on the same day that a valid warrant was executed. (Doc. 67 at 4.) Plaintiff told her that he had downloaded child pornography every other day since 2001, could not tell her the total number of child pornography he had

---

[8] Although *Hudson* relates to the Due Process Clause of the Fourteenth Amendment, it is instructive because the language of both due process clauses is identical. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"); *Paul v. Davis*, 424 U.S. 693, 702 n.3 (1976) ("[T]he Fourteenth Amendment imposes no more stringent requirements upon state officials than does the Fifth upon their federal counterparts. We thus consider this Court's decisions interpreting either Clause as relevant to our examination of respondent's claim."); *Padilla v. United States*, No. EP-05-CA-0478-FM, 2007 WL 2409792, at * 18 n. 61 (referring to both the Fifth Amendment Due Process Clause and Fourteenth Amendment Due Process Clause, "[t]he two clauses contain identical language and due process cases arising under the Fourteenth Amendment apply fully to cases arising under the Fifth Amendment.").

[9] *Zinermon* was a § 1983 case applying the Due Process Clause of the Fourteenth Amendment. *See Zinermon*, 494 U.S. at 125. The Fifth Circuit has recognized, however, that the constitutional torts authorized by § 1983 and *Bivens* are "coextensive." *Izen v. Catalina*, 382 F.3d 566, 570 n.3 (5th Cir. 2004) *on reh'g*, 398 F.3d 363 (5th Cir. 2005); *Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993) ("*Bivens* is the federal counterpart of § 1983.").

downloaded, and could not identify what media storage contained child pornography. (*Id.* at 5.) Based on his statements, she concluded that all of his computers and digital media items likely contain child pornography. (*Id.*)

In the spring of 2011, Defendant spoke to Plaintiff's mother on "multiple occasions"[10] about "non-contraband property" that she wanted to be returned, including her granddaughter's laptop "and other property, not specifically identified, that could be returned to the [Plaintiff's] family." (*Id.* at 6-7.) Defendant "reviewed the evidence . . . and made a determination on items to be released to [Plaintiff's mother] based on an examination of evidence seized and statements made by [Plaintiff], at the time of his arrest, where he had indicated to [her] that child pornography would be located on virtually all of his media." (*Id.* at 7.) On or around June 7, 2011, Plaintiff's mother picked up Plaintiff's property that Defendant determined did not contain contraband and "executed an FBI Form FD-597, 'Receipt for Property Returned.'" (*Id.*) On the same day, the remaining property that was not returned or forfeited was destroyed based on the FBI's policy to destroy items that "store and contain child pornography." (*Id.* at 8). Defendant has identified evidence in the record demonstrating that her determination of which property contained contraband and the ultimate destruction of the property was not a deliberate action by her to deprive Plaintiff of his property, or that she failed to follow an FBI protocol.

The burden now shifts to Plaintiff to identify evidence in the record that raises a genuine issue of material fact that the destruction of the camera memory cards was a constitutional violation.

---

[10] Plaintiff asserts that there is a genuine issue of material fact on the issue of whether Defendant spoke to his mother on multiple occasions. (Doc. 69 at 1.) How many times Defendant spoke to Plaintiff's mother does not create a material fact, however, because it is not an essential element to his case. *See Celotex Corp.*, 477 U.S. at 322. Further, Plaintiff's own evidence shows that Plaintiff's mother spoke to Defendant at least once to retrieve Plaintiff's property. (*See* doc. 72 at 2.)

Plaintiff responds that his mother attempted to contact Defendant numerous times to have his property *not containing contraband* returned, and attaches a copy of several letters from his mother. (Doc. 69 at 2, 7-12.) He also provides a copy of a letter from the Assistant United States Attorney and argues that the FBI was instructed to return "all of the property not agreed to forfeiture . . . at the request of [Plaintiff]." (*Id.* at 3.) His evidence is consistent with Defendant's actions, however. As Plaintiff noted, his mother sought a return of property *not containing contraband*, and the AUSA's letter states that "all items seized . . . that were not forfeited *or that did not contain child pornography*" had been released to his mother. (*See* doc. 69 at 13 (emphasis added).)

Plaintiff also asserts that some of his property may have been saved had Defendant responded to his mother's inquiries. (Doc. 69 at 2.) The contents of his mother's letters reveal, however, that she attempted to contact Defendant for the missing camera memory cards several months *after* the return of the non-contraband property, and *after* they had been destroyed in accordance with FBI policy. (*See id.* at 7 (showing a letter Plaintiff's mother wrote dated July 10, 2012 that states that she had been trying to contact Defendant since December 2011 to inquire about the missing camera memory cards), at 9 (showing a letter addressed to the Assistant United States Attorney dated May 21, 2013), at 10 (showing a letter seeking return of camera memory cards, which Plaintiff's mother found out were missing only when she went to print the pictures).)[11] Plaintiff's mother's attempts to seek return of property after it had been destroyed do not create a genuine issue of material fact regarding an alleged constitutional violations.

Plaintiff further asserts that Rule 41 mandates that "when property is no longer needed as

---

[11] Even a letter written by Plaintiff's mother filed on June 23, 2014 notes specifically that she did not realize the camera memory cards were missing until a few months after she picked up Plaintiff's property on June 7, 2011. (Doc. 72 at 2.)

'evidence[,]' . . . they be returned to the owner." (Doc. 69 at 5.) Relying on Rule 41, Plaintiff alleges that Defendant violated his rights by destroying his daughter's birthday party video. (Doc. 69 at 3-5.) Rule 41(g), however, merely provides a vehicle for return of property. Fed. R. Crim. P. 41(g) ("A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."). Even if Defendant's conclusion that all digital media items contained contraband was in error, it did not rise to the level of a constitutional violation. *See Daniels*, 474 U.S. at 331 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986) ("As we held in *Daniels*, the protections of the Due Process Clause . . . are just not triggered by lack of due care by prison officials."); *Whitehurst v. United States*, 275 F. App'x 424, 425 (5th Cir. 2008) ("The negligent deprivation of property by a government official does not violate due process."); *Hare v. City of Corinth Miss.*, 74 F.3d 633, 645 (5th Cir. 1996) (stating that "the constitutional standard of conduct must step up from negligence–that it must be more than mere or even gross negligence."). Plaintiff has failed to produce or identify evidence creating a genuine issue of material fact regarding whether Defendant knowingly withheld his property containing family videos.

### 2. *Clearly Established Right*

Even assuming for purposes of this motion only that Defendant has violated Plaintiff's due process rights, he must show that Defendant's actions were objectively unreasonable in light of clearly established law. *See Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir.2001).

A right is "clearly established" if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "The defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct

violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur County, TX*, 245 F.3d 447, 457 (5th Cir. 2001) (emphasis in original) (citing *Anderson*, 107 S.Ct. at 3040; *Malley*, 475 U.S. 335). An individual defendant's subjective state of mind is irrelevant to the qualified immunity inquiry. *Id.*

The burden is on Plaintiff to show that Defendant violated a clearly established right. *Glenn*, 242 F.3d at 312. He fails to produce or identify any evidence to show that Defendant's actions were unreasonable or violated a clearly established right, and only asserts a conclusory argument that he clearly had the right to his property, e.g., his daughter's birthday video. (*See* doc. 69 at 5.) He does not contradict Defendant's declaration that she concluded that all digital media items contained contraband based on Plaintiff's statements and after conducting a sampling of the evidence. (Doc. 67 at 5, 7.) Once all the property that she determined did not contain contraband was returned to Plaintiff's mother, the remaining property was destroyed according to FBI policy. (*Id.* at 7-8.) Plaintiff has not shown that "*all* reasonable officials in the defendant's circumstances would have known that the defendant's conduct violated the United States Constitution." *Thompson*, 245 F.3d at 457; *see also Turner*, 476 F.3d at 343 ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'"). Defendant is entitled to qualified immunity, and summary judgment should be granted in her favor.

### III. RECOMMENDATION

The motion to dismiss Plaintiff's claims against the United States and the FBI under Fed. R. Civ. P. 12(b)(1) should be **DENIED** as moot. Defendant's motion for summary judgment on grounds of qualified immunity should be **GRANTED**, and the case should be **DISMISSED with prejudice**.

**SO RECOMMENDED on this 18th day of February, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE