IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PRESTON BLANTON,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:13-CV-774-L |
| § | | |
| **UNITED STATES OF AMERICA, et al.,** § | | |
| § | | |
| Defendants. § | | |

## ORDER

This case was referred to Magistrate Judge Judge Irma Castillo Ramirez, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on February 18, 2015, recommending that the court dismiss this action against Defendant Special Agent Deborah Michaels ("Defendant" or "Michaels"). On March 20, 2015, Plaintiff Preston Blanton ("Blanton") filed his objections.

In his objections, Plaintiff attempts to take judicial notice of the following: (1) "the United States of America is representing the defendant Special Agent Deborah Michaels"; (2) "Plaintiff did not admit to using the camera's [sic] to take illegal photographs and that Plaintiff was not charged with 'production'"; (3) "Special Agent Deborah Michaels maliciously destroyed the defendant's property without due process of the law, thus committing an illegal act"; (4) "Special Agent Deborah Michaels admits after an interview with Plaintiff, that she found nothing improper"; (5) "Special Agent Deborah Michaels had illegal possession of the cameras and camera memory cards." Pl.'s Obj. 1. Plaintiff's arguments regarding judicial notice are clearly misplaced. Federal Rule of Evidence 201 does not permit parties to take judicial notice of a fact; rather, the rule permits courts to take

Order - Page 1

judicial notice of a fact "that is not subject to reasonable dispute . . . ." Fed. R. Evid. 201(b). To the extent Plaintiff is urging the court to take judicial notice, the court declines to do so, as Plaintiff seeks judicial notice of facts that are reasonably in dispute. Moreover, Plaintiff's objections merely reassert the arguments that formed the basis for his complaint.

Plaintiff attaches reports relating to his case generated from the Federal Bureau of Investigation ("FBI") as exhibits to his objections. Plaintiff additionally attaches the United States of America's Motion for Enlargement of Time (Doc. 21), which was filed in this action on August 9, 2013, and he underlines portions of this motion. The underlined portion describes the FBI's difficulty in responding to a motion filed by Blanton, because the "property contained so many images, documents, etc., that were a part of the evidence of his criminal conviction or that were so intertwined into evidence . . . ." Pl.'s Ex. 3. These exhibits, however, do not erode the magistrate judge's recommendation. In other words, even when the court considers the exhibits submitted by Plaintiff, none of the evidence submitted by Plaintiff indicates that the magistrate judge's Report is incorrect.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **determines** that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendant's Motion to Dismiss Or, Alternatively, Motion for Summary Judgment and **dismisses with prejudice** Plaintiff's claims against Defendant. Because the court previously dismissed Plaintiff's claims against the United States of America and the FBI, Michaels is the only remaining party in this action. As the court will also dismiss Plaintiff's claims against Michaels, it will issue a judgment in a separate document pursuant to Federal Rule of Civil Procedure Rule 58(a).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report and the court's order accepting the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the foregoing orders, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5). In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 30th day of March, 2015.

Sam A. Lindsay
United States District Judge