**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PRESTON BLANTON,** | ) | |
| **ID # 42100-177,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:13-CV-774-L-BH** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this pro se prisoner case has been automatically referred for pretrial management.  Before the Court is the plaintiff's notice that he will be appealing and request for a 90-day extension of time to "appeal and prepare for appeal", received on April 28, 2015 (doc. 95).  Based on the relevant filings and applicable law, the filing should be liberally construed as a notice of appeal, and the motion for an extension of time should be **DENIED** as moot.

## I.  BACKGROUND

Preston Blanton (Plaintiff) sued the United States of America (USA) and the Federal Bureau of Investigation (FBI) under 42 U.S.C. § 1983 for return of certain property seized from him in connection with his arrest and conviction.  After it was recommended that the government's motion for summary judgment be granted, and that Plaintiff be given an opportunity to amend his complaint to assert a *Bivens* action, Plaintiff also sued Special Agent Debra Michaels (SA).  (*See* docs. 48, 52.)  By order dated June 12, 2014, all claims against the USA and the FBI were dismissed. (doc. 70.)  On March 30, 2015, the remaining claims against SA Michaels were dismissed, and judgment was entered dismissing all Plaintiff's claims against all defendants.  (docs. 93, 94.)

## II.  NOTICE OF APPEAL

Federal Rule of Appellate Procedure 4(a)(1)(B)(i) requires that a notice of appeal by a party

in a civil case in which the United States is a party be filed within sixty days after the entry of the

order or judgment being appealed. FED. R. APP. P. 4(a)(1)(B)(i). A prisoner's *pro se* filing is deemed

timely filed if it is deposited in the prison mail system on or before the last day for filing. FED. R.

APP. P. 4(C)(1); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that

prisoners file their federal pleadings when they place them in the prison mail system).  Plaintiff

seeks to appeal from a judgment entered on March 30, 2015, so the time to file an appeal will not

expire until May 29, 2015.  Plaintiff's filing is dated April 10, 2015, it is post-marked April 23,

2015, and it was received on April 28, 2015, but it does not state when Plaintiff handed it to prison

officials for mailing.  (doc. 95.)  According to the post-mark, it was placed in the prison mail no later

than April 23, 2015.

Plaintiff's filing expressly states: "Notice I will be appealing case # 3:13-CV-774-L," and

"I respectfully request to appeal case # 3:13-CV-774-L . . . ."  (doc. 95, at 1.)  Because the filing is

signed and shows Plaintiff's intention to appeal the judgment in this case, it should be construed as

a notice of appeal under Federal Rule of Appellate Procedure 3(c).

### III.  MOTION FOR EXTENSION OF TIME

Plaintiff's filing also requests "a 90 day extension to appeal and prepare for appeal." (doc.

95, at 1.)  Because his filing may properly be construed as a notice of appeal, an extension of time

to file a notice of appeal is unnecessary.  To the extent that he is seeking an extension of time to

prepare his appeal brief, a briefing schedule will be entered by the appellate court.  The motion for

extension of time to file a notice of appeal should be **DENIED** as moot.

### IV. RECOMMENDATION

Plaintiff's filing, received on April 28, 2015, should be **CONSTRUED** as a notice of appeal,

and the motion for extension of time to file a notice of appeal should be **DENIED** as moot.

**SO RECOMMENDED on this 11th day of May, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE